**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4606**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS PAYSOUR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:06-cr-00083-H)

Submitted:  January 17, 2008          Decided:  January 30, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Paysour pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). The district court imposed the advisory guidelines sentence of 120 months' imprisonment.

On appeal, Paysour's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal because Paysour's written plea agreement contains a waiver of appellate rights. Nonetheless, the Anders brief questions whether Paysour's sentence was unreasonable. Paysour filed a pro se supplemental brief arguing ineffective assistance of counsel and prosecutorial misconduct. The Government has moved to dismiss the appeal based on the appeal waiver. We grant the motion in part and dismiss the appeal with regard to the sentencing issues raised. After a review of the record under Anders, we affirm Paysour's conviction as to all other claims.

This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To assess the validity of the waiver, this court examines the "totality of the

circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

In his pro se supplemental brief, Paysour contends that his guilty plea, including the appeal waiver, was not voluntary. Because Paysour did not move in the district court to withdraw his guilty plea, any error committed during the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002). A defendant's statements at a guilty plea hearing are presumed true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Unsupported subsequent allegations are insufficient to overcome representations at the hearing. Id. at 74; see also United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991); Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981). Under the totality of the circumstances presented in the record, we find Paysour's appeal waiver knowing and voluntary, and therefore enforceable.

The waiver expressly precluded Paysour from appealing any sentence that was within or below the advisory guidelines range. Because the sentence imposed was not above the advisory guidelines range, any challenge to the sentence imposed, including the sentencing issue raised in Paysour's <u>Anders</u> brief, falls within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Paysour's appeal as to the sentencing claims raised.

The waiver's enforceability does not completely dispose of this appeal, however. The appeal waiver expressly permitted an appeal based upon ineffective assistance or prosecutorial misconduct not known to Paysour at the time of his guilty plea. Accordingly, the waiver provision does not foreclose Paysour's right to appeal with respect to issues not covered by the waiver. <u>See</u> <u>United States v. Craig</u>, 985 F.2d 175, 178 (4th Cir. 1993).

In his pro se brief, Paysour offers four grounds upon which he claims his trial counsel was constitutionally ineffective. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). <u>See</u> <u>id.</u>; <u>United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists where the record conclusively shows ineffective assistance. <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th

Cir.), <u>cert. denied</u>, 546 U.S. 1203 (2006). Because the record does not conclusively show that Paysour's counsel was ineffective, we decline to consider Paysour's claims on direct appeal.

Finally, Paysour offers two grounds upon which he claims prosecutorial misconduct. To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial. <u>United States v. Allen</u>, 491 F.3d 178, 191 (4th Cir. 2007). We find Paysour has failed to meet his burden on either ground.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm Paysour's conviction and dismiss as to his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Paysour requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Paysour.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>